UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TYE THOMAS, | : | PRISONER CASE NO. |
|     Plaintiff, | : | 3:13cv747(JCH) |
| | : | |
| v. | : | |
| | : | |
| DAVE BUTKIEWICUS, et. al., | : | JUNE 6, 2013 |
|     Defendants. | : | |

INITIAL REVIEW ORDER

The plaintiff, Tye Thomas, currently incarcerated at the MacDougall-Walker Correctional Center in Suffield, Connecticut, has filed a Complaint pro se under 42 U.S.C. § §1983, 1986 and 1988 (2000).  The plaintiff names as defendants Dave Butkiewicus, Correctional Officer Gorman, John Aldi, Angel Quiros, Leo Arnone, and Edward Maldonado.  The plaintiff alleges that the defendants have failed to provide a safe environment by forcing him to recreate with members of a rival security risk group.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include

1

sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

I.   **ALLEGATIONS**

The plaintiff alleges that, in June 2011, he was designated a Security Risk Group Threat Member and transferred to Northern Correctional Institution. The designation was the result of the plaintiff's affiliation with the Security Risk Group Blood. In January 2012, the plaintiff joined the Security Risk Group Crips. Shortly thereafter, in the recreation yard, two Blood-affiliated inmates assaulted the plaintiff and an inmate affiliated with the Security Risk Group 20 Love.

While waiting for segregation placement following the incident, the plaintiff told defendant Maldonado that he wanted to change his affiliation from the Bloods to the Crips. Defendant Maldonado told the plaintiff to submit his request in writing. Correctional officials are aware that the Crips and 20 Love are compatible with each other, but have issues with the Bloods.

On April 16, 2012, inmates assaulted the plaintiff for changing his security risk

group affiliation. Two days later, the plaintiff wrote to defendant Maldonado formally requesting an affiliation change to Crip and asking that his recreation group be changed. The plaintiff did not receive a response to his letter.

On July 3, 2012, the plaintiff was transferred to a cell with a Blood-affiliated inmate. When that inmate returned to his cell, he assaulted the plaintiff.

On September 18, 2012, five Blood-affiliated inmates assaulted the plaintiff in the recreation yard. In the incident report, defendant Butkiewicus acknowledged that he was aware that the plaintiff had issues with the inmates in his recreation group and confrontations with Blood-affiliated inmates. Defendant Butkiewicus learned that the assault was the result of the plaintiff's refusal to rejoin the Bloods. Following the assault, the plaintiff asked defendant Butkiewicus for affiliation and recreation changes. The recreation change was denied, but the plaintiff was placed on recreate-alone status.

On October 11, 2012, while on recreate-alone status, the plaintiff was assaulted in the recreation yard. The inmate told correctional officials that he had assaulted the plaintiff to gain membership in the Bloods. On November 15, 2012, the plaintiff was removed from recreate-alone status and, over his objection, returned to the Blood-affiliated recreation group.

The plaintiff contends that, prior to any of the incidents, he spoke with defendants Butkiewicus, Maldonado, and Aldi. These defendants stated that they were aware that the plaintiff now was affiliated with the Crips, but refused to remove him from the Blood-affiliated recreation group unless he agreed to provide them information about the

Grape Street Crips.

The plaintiff alleges that in January 2013, inmate Pagan, a Blood-affiliated inmate, told the plaintiff that defendant Gorman told Pagan that he would leave Pagan's restraints loose to enable Pagan to assault the plaintiff. The plaintiff alleges that he reported this information to defendant Maldonado on January 27, 2013. A copy of the inmate request form, however, shows that the plaintiff reported that an anonymous source told him that unidentified correctional officers had assisted inmates in attacking the plaintiff on July 3, 2012, September 18, 2012 and October 11, 2012. In March 2013, the plaintiff swallowed a razor blade because correctional officials have not provided him a safe environment in which to live and recreate. On April 8, 2013, the plaintiff was placed in the Blood-affiliated recreation group. The plaintiff slipped his restraints and attacked another inmate.

## II.  **ANALYSIS**

The doctrine of respondeat superior is not applicable in section 1983 actions. See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999). Thus, supervisors are not liable merely because their subordinates committed a constitutional tort. To establish a claim for supervisory liability, the plaintiff must demonstrate one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his

4

supervision of the correctional officers who committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  The plaintiff also must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

The only allegation against defendant Quiros is that he upheld the denial of a grievance.  The denial of a grievance does not support a cognizable claim.  See Torres v. Mazzuca, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (holding inmate has no constitutional right to have grievance investigated to his satisfaction).  In the grievance appeal, the plaintiff challenged the Department of Correction Use of Force policy and requested that defendant Maldonado be ordered to provide a safer environment. Compl. at 30.  His complaint focused on the fact that other inmates were able to slip their handcuffs from the back to the front while the plaintiff's hands remained behind his back.  There was no reference to the issue in this case:  that is, the plaintiff is being forced to recreate with Blood-affiliated inmates to force him to provide information to correctional officials.  Thus, the plaintiff has not plausibly alleged that defendant Quiros was aware of the claims in this case.

There are no factual allegations against defendant Arnone.  The plaintiff generally alleges that defendant Arnone failed to properly train and discipline his subordinates and that he was "alerted of specific dangers."   Compl. at 18, ¶ 28 & 19, ¶ 30.  Conclusory allegations are insufficient.   The plaintiff must allege "enough facts to

5

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  He must include specific facts giving the defendants fair notice of the conduct he contends violated his right and warrants the requested relief.  The Complaint contains no factual allegations to support a claim of supervisory liability against defendant Arnone.

The claims against defendants Quiros and Arnone are dismissed for lack of personal involvement.  The case will proceed against defendants Butkiewicus, Aldi, Maldonado and Gorman.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims against defendants Arnone and Quiros are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)     The **Clerk shall** verify the current work address of defendants Butkiewicus, Maldonado, Aldi and Gorman with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to each defendant at the confirmed addresses within **fourteen (14) days** of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The **Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect

6

service of the complaint on defendants Butkiewicus, Maldonado, Aldi and Gorman in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14)** days from the date of this Order and to file a return of service within **twenty (20)** days from the date of this Order.

(4)     The **Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     **The defendants shall** file their response to the Complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this Order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this

case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address. The plaintiff also should notify the defendant(s) or the attorney for the defendant(s) of his new address.

**SO ORDERED.**

    Dated this 6th day of June, 2013, at New Haven, Connecticut.

                                  /s/ Janet C. Hall
                                  Janet C. Hall
                                  United States District Judge