## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| TYE THOMAS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:13-CV-747 (JCH) |
|  | : |  |
| v. | : |  |
|  | : |  |
| DAVE BUTKIEWICUS et al., | : |  |
| Defendants. | : | NOVEMBER 24, 2014 |
|  | : |  |

### RULING RE: MOTION FOR SUMMARY JUDGMENT (Doc. No. 47)

The plaintiff, Tye Thomas, brings this civil rights action against the defendants for failure to protect him from assault by other inmates.  The remaining defendants, Dave Butkiewicus, Correctional Officer Gorman, John Aldi and Edward Maldonado, move for summary judgment on the claims for declaratory and injunctive relief.  For the reasons that follow, the defendants' Motion for Summary Judgment is granted.

## I.     STANDARD OF REVIEW

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is therefore entitled to judgment as a matter of law.  See Rule 56(a), Fed. R. Civ. P.; In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009).  The moving party may satisfy his burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  He must present such evidence that would allow a jury to find in his favor in order to defeat the

motion for summary judgment.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  Merely verifying the allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment.  Zigmund v. Foster, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009).  If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).  However, the existence of a mere "scintilla" of evidence supporting the plaintiff's position is insufficient to defeat a motion for summary judgment.  Harvey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008).

## II.     FACTS[1]

In 2010, the plaintiff was confined in the custody of the Connecticut Department of Correction.  Since then, he has received sixty-five disciplinary reports.

Defendant John Aldi is the Security Risk Group ("SRG") Coordinator for the Department of Correction.  On June 8, 2011, the plaintiff received a disciplinary report for the offense of SRG Affiliation.  Based on information contained in an outgoing letter written by the plaintiff, he was designated a Blood SRG Safety Threat Member.  On June 30, 2011, the plaintiff was transferred to Northern Correctional Institution.

---

[1] The facts are taken from the parties' Local Rule 56(a) Statements and the exhibits submitted in support of and in opposition to the motion for summary judgment as well as those attached to the Complaint.  See D. Conn. L. Civ. R. 56(a).

The plaintiff was involved in altercations in January, April, July, September, and October 2012, which, the plaintiff contends, were related to his SRG affiliation. Following the April incident, the plaintiff submitted an Inmate Request form to defendant Warden Maldonado stating that he was no longer a Blood, but had joined the Crips and requested that his affiliation be changed. Following the September incident, the plaintiff submitted a grievance asking that the restraint policy be better enforced because inmates had slipped their handcuffs from the back to the front and assaulted him.

Inmate Pagan, one of the inmates who assaulted the plaintiff in September 2012, has submitted a declaration stating that defendant Correctional Officer Gorman placed his handcuffs on very loosely to enable him to slip the handcuffs from the back to the front.

On April 8, 2013, the plaintiff received a disciplinary report for SRG Affiliation, as a result of statements he made during an altercation with another inmate. As a result, on May 10, 2013, the plaintiff's SRG affiliation was changed to Crips.

III.    **DISCUSSION**

In the Complaint, the plaintiff seeks damages as well as declaratory and injunctive relief. The defendants move for summary judgment only on the plaintiff's claims for declaratory and injunctive relief.

A.    Declaratory Relief

Declaratory relief is intended to enable parties to adjudicate claims before either side suffers great damages. See In re Combustible Equip. Assoc., 838 F.3d 35, 37 (2d Cir. 1988). Thus, declaratory relief operated prospectively. "[D]eclaratory relief, while equitable in nature, is barred by the Eleventh Amendment 'when it would serve to

declare only past actions in violation of federal law.'" Neroni v. Coccoma, No. 3:13-CV-
1340 (GLS/DEP), 2014 WL 2533482, at *9 (N.D.N.Y. June 5, 2014) (citation omitted).
See Ward v. Thomas, 207 F.3d 114, 119 (2d Cir. 2000) (declaratory relief inappropriate
for past actions because all damages already have accrued); Government Employees
Ins. Co. v. Saco, No. 12-CV-5633 (NGG/MDG), 2014 WL 639419, at *7 (E.D.N.Y. Feb.
18, 2014) ("prospective declaratory relief cannot be used 'solely to adjudicate [a
defendant's] past conduct'" (citation omitted)).

In this case, the plaintiff seeks a declaration that "the acts and omissions
described herein violated plaintiff's rights under the constitution and laws of the United
States."  Doc. No.1 at 22, ¶ 33.  The defendants argue that this relief is retrospective
and should be dismissed.  In response, the plaintiff argues that he continues to be
subject to the same harm.  He argues that, in the Complaint, he challenges the restraint
policy requiring inmates to attend recreation with their hands cuffed behind their backs.
The plaintiff contends that he continues to be subject to assault from inmates who can
slip their handcuffs from the back to the front.  The plaintiff also argues that, even
though his SRG designation has been changed, he continues to be subject to being
housed with inmates from rival gangs, thereby placing him at risk of assault.

In his Opposition, the plaintiff is attempting to recharacterize the Complaint as
including general challenges to the restraint policy and the SRG Phase Program.  The
court has reviewed the Complaint and concludes that it does not include these claims.
The allegations focus on the difficulties experienced by the plaintiff during the period
between the time he changed his SRG affiliation and the date that change was
recognized by the Department of Correction.  All of the incidents included in the

Complaint were the result of the plaintiff being assigned to share a cell with a Blood and having to attend recreation with the Bloods after he had switched gangs. The plaintiff concedes that his SRG affiliation has been changed to Crip and stated at his deposition that there were no incidents after the October 2012 assault. See Doc. No. 47-4 at 38, ll. 23–25. The court concludes that the requested declaration concerns past actions. As past actions alone are an insufficient basis for declaratory relief, see Peck v. Baldwinsville Cent. Sch. Dist., 351 F. App'x 477, 479 (2d Cir. 2009), the defendants' Motion for Summary Judgment is granted as to the claim for declaratory relief.

   B. Injunctive Relief

   The defendants also move for summary judgment on the claims for injunctive relief. In the Complaint, the plaintiff seeks a permanent injunction directing the defendants to implement operating procedures to: protect inmates, investigate threats, prevent inmates from being assaulted while handcuffed, not tolerate the risk of inmate assaults, provide psychological counseling to assault victims, separate inmates from those threatening them, and facilitate the process to change SRG affiliation.

   To obtain permanent injunctive relief, the plaintiff must demonstrate that he will suffer irreparable harm should the injunction be denied as well as actual success on the merits of his claim. See Ognibene v. Parkes, 671 F.3d 174, 182 (2d Cir. 2012). Irreparable harm requires an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Daniels v. Murphy, 2013 WL 587005, at *3 (D. Conn. Feb. 12, 2012) (quoting Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (internal quotation marks omitted)).

5

The defendants argue that it is unlikely that the plaintiff will prevail on his claims at trial.  In arguing this, the defendants have mistakenly applied the standard for preliminary injunctive relief.  While a likelihood of success on the merits is required for a preliminary injunction, the plaintiff must prove his claims at trial to obtain permanent injunctive relief.  See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 32 (2008) (citing Amoco Production Co. v. Village of Gambell, AK, 480 U.S. 531, 546 n.12 (1987)).  Because the defendants do not address the absence of plaintiff's claims for damages in the pending Motion, any assessment of this requirement would be premature.  Thus, in addressing this argument, the court considers only whether the plaintiff has demonstrated that he will suffer irreparable harm should injunctive relief be denied.

The defendants argue that the plaintiff cannot show that he will be irreparably harmed if his request for permanent injunctive relief is denied because the plaintiff filed the Complaint nearly two weeks after his SRG affiliation was changed to Crip.  The defendants contend that, as the request for injunctive relief is intended to prevent further harm while he is improperly designated, the request is moot.  The plaintiff argues only that, if the requested relief is not provided, he may be harmed in the future.  Doc. No. 52 at 16.

To constitute irreparable harm, an injury "must be actual and imminent, not merely possible."  A.X.M.S. Corp. v. Friedman, 948 F. Supp. 2d 319, 336 (S.D.N.Y. 2013).  If the "harm can be remedied in money damages[, that] is the antithesis of irreparable harm, and such a fact requires that the Court not find an irreparable injury."  Id. (internal quotation marks omitted).  The plaintiff has identified only a possible harm.

6

He conceded at his deposition that he has not been assaulted since October 2012, nearly two years ago.  Thus, he fails to identify any imminent harm if injunctive relief were denied.  Further, the plaintiff fails to provide evidence that any injury cannot be remedied by an award of damages.  The plaintiff thus fails to present evidence sufficient to create a material issue of fact as to whether he will suffer irreparable harm should his request for injunctive relief be denied.  Accordingly, the defendants' Motion for Summary Judgment is granted as to the request for permanent injunctive relief.

The court further notes that, even if injunctive relief were appropriate in this case, the plaintiff's request is overbroad and unwarranted.  The Prison Litigation Reform Act provides in relevant part that"[p]rospective relief in any civil action with respect to prison conditions shall extend no further that necessary to correct the violation of the Federal right of the particular plaintiff."  18 U.S.C. § 3626(a)(1)(A).  The relief requested by the plaintiff here is far broader than required to correct the past violation of his rights, i.e., to ensure his personal safety.  The Complaint concerns only the failure to ensure the plaintiff's safety.  It does not assert claims regarding many inmates injured as a result of the absence of the policies he seeks to impose, which is the subject of his request for injunctive relief.  Thus, his proposed injunctive relief would not be warranted.  See Barrington v. New York, 806 F. Supp. 2d 730, 750 (S.D.N.Y. 2011) (dismissing claim for injunctive relief requiring installation of security cameras in correctional facility as unwarranted where complaint alleged only that correctional officers assaulted plaintiff).

## IV.   CONCLUSION

The defendants' Motion for Summary Judgment (Doc. No. 47) is **GRANTED**.
The case will proceed to trial on the damages claims against defendants Maldonado,

Aldi, Butkiewicus, and Gorman.

**SO ORDERED**.

Dated this 24th day of November 2014 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge